## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*and*<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Avenue NW<br>Washington, DC 20535<br><br>*Defendants*. | Case No. 26-cv-1832 |

## **COMPLAINT**

1.      Widespread public interest in the Trump Administration's handling of the Epstein Files,[1] particularly documents pertaining to Jeffrey Epstein's connections to President Trump and those reflecting allegations against Trump himself, has continued to increase over the last six months.[2]

---

[1] The "Epstein Files" here refers to all materials in the U.S. Department of Justice's possession that relate to the nine topics described by the Epstein Files Transparency Act, Pub. L. No. 119-38, §§ 2(a)(1)–(9), 139 Stat. 656, 656–57 (2025).

[2] *See, e.g.*, Anna Betts, *DOJ Inspector General to Audit Department's Compliance with Epstein Files Transparency Act*, The Guardian (Apr. 23, 2026, 2:59 PM), https://www.theguardian.com/us-news/2026/apr/23/epstein-files-transparency-act-audit; Ali Rogin & Ali Schmitz, *DOJ Releases Epstein Files Containing Sexual Assault Allegations Against Trump*, PBS News (Mar. 6, 2026, 6:35 PM), https://www.pbs.org/newshour/show/doj-releases-epstein-files-containing-sexual-assault-allegations-against-trump; Stephen Fowler, *Justice Department Withheld and Removed Some Epstein Files Related to Trump*, NPR (Feb. 24,

2.      Upon information and belief, personnel at the U.S. Department of Justice (DOJ) and Federal Bureau of Investigation (FBI) who reviewed the Epstein Files were instructed to "flag" any records mentioning President Trump.[3]

3.      On October 7, 2025, at a hearing before the Senate Judiciary Committee, Senator Richard Durbin asked then-Attorney General Pam Bondi: "Who gave the order to flag records related to President Trump?" Bondi responded: "I'm not going to discuss anything about that with you."[4]

4.      The Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (Nov. 19, 2025) ("EFTA"), required DOJ to release all unclassified information in the files no later than December 19, 2025.

5.      By the end of 2025, DOJ had released only a small fraction of the files' records, stating that due to "the volume of materials to be reviewed . . . [DOJ] must publicly produce responsive documents on a rolling basis."[5]

6.      Records from the Epstein Files containing sexual assault allegations against Trump were not included in the DOJ's releases in 2025.[6]

---

2026, 2:55 PM), https://www.npr.org/2026/02/24/nx-s1-5723968/epstein-files-trump-accusation-maxwell.

[3] *See, e.g.,* Letter from Richard J. Durbin, U.S. Senator, to Pam Bondi, Att'y Gen., U.S. Dep't of Just. (July 18, 2025), https://www.judiciary.senate.gov/imo/media/doc/2025-07-18%20RJD%20Letter%20to%20AG%20Bondi%20re%20Epstein.pdf [hereinafter "Durbin Letter"]; Fowler, *supra* note 2.

[4] Senator Durbin, *AG Bondi Refuses to Answer Durbin's Questions If DOJ Was Consulted to Deploy the Guard to Chicago*, at 9:34 (YouTube, Oct. 7, 2025), https://www.youtube.com/watch?v=_DS1uRm4p0c (minute 9:34).

[5] Letter from Todd Blanche, Deputy Att'y Gen., U.S. Dep't of Just., to Congress, at 5 (Dec. 19, 2025), https://www.justice.gov/opa/media/1434851/dl?inline.

[6] *See* Fowler, *supra* note 2.

7.      On January 30, 2026, DOJ released a second tranche of documents, along with a letter signed by then-Deputy Attorney General Todd Blanche claiming that that release "mark[ed] the end of a comprehensive document identification and review process to ensure transparency to the American people and compliance with the [Epstein Files Transparency] Act."[7]

8.      In the January 30 letter, Blanche referenced a "review protocol" that "was updated from time to time."[8]

9.      DOJ posted to its website a January 4, 2026 memo entitled "Attorney Review Protocol for Epstein Files" ["Attorney Review Protocol"].

10.     The January 4 Attorney Review Protocol memo contains no statements about "flagging" documents.[9]

11.     Records in the January 30 tranche of documents indicate there were levels of review that followed protocols different from the Attorney Review Protocol.[10]

12.     For example, one FBI document refers to "Transparency Project Processing Guidance," "DOJ scoping guidance," and "flagged items."[11]

13.     In separate litigation, Defendant FBI has produced to Plaintiff a document entitled "Epstein Transparency Project IMD Processing Guidance, March 21, 2025, 11am."

14.     That guidance makes no reference to "flagging" records.

---

[7] Letter from Todd Blanche, Deputy Attorney General, U.S. Dep't of Just., to Congress, at 6 (Jan. 30, 2026), https://www.justice.gov/opa/media/1426091/dl.

[8] *Id*. at 2.

[9] *See* Memorandum, U.S. Dep't of Just., *Attorney Review Protocol for Epstein Files* (Jan. 2, 2026), https://www.justice.gov/media/1426281/dl?inline.

[10] *See, e.g*., Steve Eder & Devlin Barrett, *Trump Files Missing in Epstein Release Highlight Justice Dept.'s Missteps*, N.Y. Times (Mar. 11, 2026), https://www.nytimes.com/2026/03/11/us/politics/trump-epstein-files-fbi-doj.html.

[11] *Epstein Overview: FBI Response*, Fed. Bureau of Investigation, *available at* https://www.justice.gov/epstein/files/DataSet%209/EFTA00172473.pdf.

15. Other emails in the January 30 tranche of documents indicate that different instructions were given to certain reviewers.

16. For example, an email in late July 2025 from an FBI agent contained a list of fourteen prominent men, with President Trump at the top, and instructed: "Take these names and build out new spreadsheet w all the derog on them."[12]

17. On February 11, 2026, then-Attorney General Pam Bondi testified before the House Judiciary Committee that the Epstein Files contained "no evidence that Donald Trump has committed a crime."[13]

18. On March 4, 2026, the House Oversight Committee subpoenaed Bondi to testify before the Committee about Defendants' handling of the Epstein Files.[14]

19. On March 5, 2026, DOJ released records from the Epstein Files containing allegations that Trump sexually assaulted a minor.[15]

20. President Trump fired Bondi in April 2026.

---

[12] Eder & Barrett., *supra* note 10.

[13] Sudiksha Kochi & Rebecca Beitsch, *Democrats Demand Special Counsel Investigation of Bondi, Accusing Her of Perjury*, The Hill (Feb. 25, 2026, 9:00 AM), https://thehill.com/homenews/house/5753607-bondi-perjury-trump-evidence/.

[14] *See* Louis Casiano & Chad Pergram, *House Oversight Committee Demands Depositions from Bondi and Lutnick in Epstein Probe,* Fox News (Mar. 11, 2026, 7:43 PM), https://www.foxnews.com/politics/house-oversight-committee-demands-depositions-bondi-lutnick-epstein-probe.

[15] *See* Erica Orden, *Justice Department Publishes Documents with Sexual Assault Allegations Against Trump*, Politico (Mar. 5, 2026, 10:31 PM), https://www.politico.com/news/2026/03/05/donald-trump-epstein-files-allegations-00816123.

21.     DOJ subsequently told the House Oversight Committee that because Bondi was no longer Attorney General, she would not appear at her deposition before the House Oversight Committee.[16]

22.     On April 23, 2026, DOJ's Office of Inspector General ("OIG") announced it would "evaluate the DOJ's processes for identifying, redacting, and releasing records in its possession as required by the [EFTA]."[17]

23.     Although the OIG has pledged to release a report on its findings, the OIG inquiry will likely take years before it is completed,[18] and its findings and related records may not be made public.

24.     On April 29, 2026, the Committee announced it had "secured Bondi's appearance for May 29" for a deposition.[19]

25.     In light of the urgent and long-overdue need to inform the public about Defendants' handling of the Epstein Files, Plaintiff American Oversight now brings this action against DOJ and the FBI under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records responsive to American Oversight's FOIA requests.

---

[16] *See* Alexandra Marquez & Kyle Stewart, *Pam Bondi to Testify in House Oversight Committee's Epstein Investigation May 29*, NBC (Apr. 29, 2026, 10:40 AM), https://www.nbcnews.com/politics/congress/pam-bondi-testify-house-oversight-committees-epstein-investigation-may-rcna342682.

[17] Andrew Goudsward, *US Justice Department Watchdog to Review Release of Epstein Files*, Reuters (Apr. 23, 2026, 12:38 PM), https://www.reuters.com/world/us/us-justice-dept-watchdog-review-release-epstein-files-2026-04-23/.

[18] *See id*.

[19] Marquez & Stewart, *supra* note 14.

**JURISDICTION AND VENUE**

26.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

27.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

28.     Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

**PARTIES**

29.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

30.     Defendant DOJ is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that American Oversight seeks.

31.     Defendant FBI is a component of DOJ, headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FBI has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

### *FBI Review Protocol Request*

32.     On March 12, 2026, Plaintiff submitted a FOIA request to Defendant FBI with internal tracking number DOJ-FBI-26-0636 ("FBI Review Protocol Request") seeking the following records from April 7, 2025, through the date of search:

1. Records reflecting all training and/or instructions given to FBI personnel related to review of investigative holdings regarding Jeffrey Epstein. Such training and/or instructions include, but are not limited to, materials regarding when and how these investigative holdings should be redacted, contents that should be noted or flagged (including mentions of President Trump), or the operational security of this review.

   Responsive records may include, but should not be limited to, training videos, PDFs, slide decks, informational handouts, summary documents, handwritten or typed notes, letters, memoranda, and any other records used in trainings and instructions.

   Additional responsive records may include, but should not be limited to, records reflecting the contents of training sessions or meetings during which review instructions were provided, such as meeting agendas, minutes, notes, transcripts, recordings, or materials displayed or exchanged during the session or meeting (such as slide decks or handouts), materials provided in advance of the session or meeting (such as preparation materials provided with a meeting invitation), and any materials provided in follow-up to the session or meeting.

2. All formal and informal final directives (including informal email communications), guidance, protocols, and/or policies created by, issued to, or otherwise provided to FBI regarding the review of investigative holdings relating to Jeffrey Epstein. This includes, but is not limited any such directives, guidance, protocols, policies, or rules regarding the redaction of these investigative holdings, the flagging of certain material, and the operational security of this review.

Ex. 1 at 1–2.

7

33.    A true and accurate copy of the FBI Review Protocol Request is attached as Exhibit 1 and incorporated herein by reference.

34.    Due to the urgent need to inform the public regarding actual or alleged government activity concerning Defendants' handling of the Epstein Files, American Oversight requested expedited processing of its request and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(i)(1) and 28 C.F.R. § 16.5(e)(3), which are incorporated herein. *See* Ex. 1 at 4–7.

35.    In its request for expedited processing, American Oversight cited to multiple contemporaneous media stories demonstrating the widespread, ongoing public discourse surrounding Defendants' handling of the Epstein Files, including DOJ's apparent withholding of records containing sexual assault allegations against Trump. *See id.*

36.    In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the ongoing public discourse concerning whether Defendant DOJ complied with the EFTA; to assess statements Attorney General Bondi made during her October 2025 Senate Judiciary Committee hearing and her February 11, 2026 testimony before the House Judiciary Committee; and whether the government's review process was infected by any improper motivations to hide information concerning allegations of misconduct against President Trump. *See id.* at 6.

37.    In its request for expedited processing, American Oversight demonstrated a compelling need for the records sought by the FBI Review Protocol Request. *See id.* at 4–7.

38.    In its request for expedited processing, American Oversight demonstrated that it is primarily engaged in disseminating information. *See id.* at 6–7.

39.    FBI acknowledged the FBI Review Protocol Request on March 18, 2026, and assigned it tracking number 1727437-000.

40.    Plaintiff has received no further communication from FBI regarding the FBI Review Protocol Request.

41.    FBI has not produced records responsive to the request or issued a determination regarding Plaintiff's application for expedited processing.

### *DOJ Review Protocol Request*

42.    On March 12, 2026, Plaintiff submitted a FOIA request to Defendant DOJ's Office of Information Policy ("OIP")—which processes FOIA requests on behalf of, *inter alia*, the Office of the Attorney General and the Office of the Deputy Attorney General—with internal tracking number DOJ-26-0637 ("DOJ Review Protocol Request") seeking the following records from April 7, 2025, through the date of search:

1. Records reflecting all training and/or instructions given to DOJ personnel related to review of investigative holdings regarding Jeffrey Epstein. Such training and/or instructions include, but are not limited to, materials regarding when and how these investigative holdings should be redacted, contents that should be noted or flagged (including mentions of President Trump), or the operational security of this review.

   Responsive records may include, but should not be limited to, training videos, PDFs, slide decks, informational handouts, summary documents, handwritten or typed notes, letters, memoranda, and any other records used in trainings and instructions.

   Additional responsive records may include, but should not be limited to, records reflecting the contents of training sessions or meetings during which review instructions were provided, such as meeting agendas, minutes, notes, transcripts, recordings, or materials displayed or exchanged during the session or meeting (such as slide decks or handouts), materials provided in advance of the session or meeting (such as preparation materials provided with a meeting invitation), and any materials provided in follow-up to the session or meeting.

3. All formal and informal final directives (including informal email communications), guidance, protocols, and/or policies created by, issued to, or otherwise provided to DOJ regarding the review of investigative holdings relating to Jeffrey Epstein. This includes, but is not limited any such directives, guidance, protocols, policies, or rules regarding the redaction of these

9

investigative holdings, the flagging of certain material, and the operational security of this review.

Ex. 2 at 1–2.

43.    A true and accurate copy of the DOJ Review Protocol Request is attached as Exhibit 2 and incorporated herein by reference.

44.    Due to the urgent need to inform the public regarding actual or alleged government activity concerning Defendants' handling of the Epstein Files, American Oversight requested expedited processing of its request and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(i)(1) and 28 C.F.R. § 16.5(e)(3), which are incorporated herein. *See* Ex. 2 at 4–7.

45.    In its request for expedited processing, American Oversight cited to multiple contemporaneous media stories demonstrating the widespread, ongoing public discourse surrounding Defendants handling of the Epstein Files, including DOJ's apparent withholding of records containing sexual allegations against Trump. *See id.*

46.    In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the ongoing public discourse concerning whether Defendant DOJ complied with the EFTA; to assess statements Attorney General Bondi made during her October 2025 Senate Judiciary Committee hearing and her February 11, 2026 testimony before the House Judiciary Committee; and whether the government's review process was infected by any improper motivations to hide information concerning allegations of misconduct against President Trump. *See id.* at 6.

47.    In its request for expedited processing, American Oversight demonstrated a compelling need for the records sought by the DOJ Review Protocol Request. *See id.* at 4–7.

48.    In its request for expedited processing, American Oversight demonstrated that it is primarily engaged in disseminating information. *See id.* at 7.

49.     On March 16, 2026, DOJ acknowledged receipt of the DOJ Review Protocol Request, assigned it tracking number FOIA-2026-02180, denied Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(ii), and stated that Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv) was still pending.

50.     Plaintiff has received no further communication from DOJ regarding the DOJ Review Protocol Request.

51.     DOJ has not produced records responsive to the request or issued a determination regarding Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv).

### *Criminal Division Review Protocol Request*

52.     On March 12, 2026, Plaintiff submitted a FOIA request to Defendant DOJ's Criminal Division with internal tracking number DOJ-CRM-26-0638 ("Criminal Division Review Protocol Request") seeking the following records from April 7, 2025, through the date of search:

1.  Records reflecting all training and/or instructions given to Criminal Division personnel related to review of investigative holdings regarding Jeffrey Epstein. Such training and/or instructions include, but are not limited to, materials regarding when and how these investigative holdings should be redacted, contents that should be noted or flagged (including mentions of President Trump), or the operational security of this review.

    Responsive records may include, but should not be limited to, training videos, PDFs, slide decks, informational handouts, summary documents, handwritten or typed notes, letters, memoranda, and any other records used in trainings and instructions.

    Additional responsive records may include, but should not be limited to, records reflecting the contents of training sessions or meetings during which review instructions were provided, such as meeting agendas, minutes, notes, transcripts, recordings, or materials displayed or exchanged during the session or meeting (such as slide decks or handouts), materials provided in advance of the session or meeting (such as preparation materials provided with a meeting invitation), and any materials provided in follow-up to the session or meeting.

2.  All formal and informal final directives (including informal email communications), guidance, protocols, and/or policies created by, issued to, or

> otherwise provided to Criminal Division regarding the review of investigative holdings relating to Jeffrey Epstein. This includes, but is not limited any such directives, guidance, protocols, policies, or rules regarding the redaction of these investigative holdings, the flagging of certain material, and the operational security of this review.

Ex. 3 at 1–2.

53.     A true and accurate copy of the Criminal Division Review Protocol Request is attached as Exhibit 3 and incorporated herein by reference.

54.     Due to the urgent need to inform the public regarding actual or alleged government activity concerning Defendants' handling of the Epstein Files, American Oversight requested expedited processing of its request and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(i)(1) and 28 C.F.R. § 16.5(e)(3), which are incorporated herein. *See* Ex. 3 at 4–7.

55.     In its request for expedited processing, American Oversight cited to multiple contemporaneous media stories demonstrating the widespread, ongoing public discourse surrounding Defendants handling of the Epstein Files, including DOJ's apparent withholding of records containing sexual allegations against Trump. *See id.*

56.     In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the ongoing public discourse concerning whether Defendant DOJ complied with the EFTA; to assess statements Attorney General Bondi made during her October 2025 Senate Judiciary Committee hearing and her February 11, 2026 testimony before the House Judiciary Committee; and whether the government's review process was infected by any improper motivations to hide information concerning allegations of misconduct against President Trump. *See id.* at 6.

57.     In its request for expedited processing, American Oversight demonstrated a compelling need for the records sought by the Criminal Division Review Protocol Request. *See id.*

at 4–7.

58. In its request for expedited processing, American Oversight demonstrated that it is primarily engaged in disseminating information. *See id.* at 6.

59. On March 25, 2026, DOJ's Criminal Division acknowledged the Criminal Division Review Protocol Request, assigned it tracking number CRM-302411305, denied Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(ii), and stated that Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv) was still pending.

60. Plaintiff has received no further communication from DOJ's Criminal Division regarding the Criminal Division Review Protocol Request.

61. DOJ's Criminal Division has not produced records responsive to the request or issued a determination regarding Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv).

### *FBI Review Communications Request*

62. On March 12, 2026, Plaintiff submitted a FOIA request with internal tracking number DOJ-FBI-26-0639 ("FBI Review Communications Request") to Defendant FBI seeking the following records:

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the officials listed below <u>and</u> containing both a key term from Column A and a key term from Column B.

Federal Bureau of Investigation Officials:
    i. Kash Patel, Director
    ii. Andrew Bailey, Deputy Director
    iii. Christopher Raia, Deputy Director
    iv. Daniel "Dan" Bongino, Former Deputy Director
    v. Amie Napier, Chief of Record/Information Dissemination Section (RIDS)

vi.  Michael G. Seidel, Former Chief of RIDS
vii. Anyone serving as Chief of Staff
viii.     Anyone serving as Senior Advisor
ix.  Anyone serving as Deputy Chief of RIDS
x.  Anyone serving as Assistant Director of the Information Management Division

Key Terms:

| Column A | Column B |
|---|---|
| a.        Epstein | a.        review* |
| | b.        train* |
| | c.        instruct* |
| | d.        flag* |
| | e.        tag* |
| | f.        label* |
| | g.        transparency |
| | h.        exhaustive |
| | i.        "investigative holding" |
| | j.        "investigative holdings" |
| | k.        client |
| | l.        clients |
| | m.        "Information Management Division" |
| | n.        RIDS |
| | o.        R/IDS |
| | p.        "New York Field Office" |
| | q.        "New York City Field Office" |
| | r.        NYFO |
| | s.        sheet |
| | t.        sheets |
| | u.        Excel |
| | v.        spreadsheet |
| | w.        spreadsheets |
| | x.        president |
| | y.        Trump |
| | z.        DJT |
| | aa.     DT |
| | bb.     POTUS |

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "review*" would return all the following: review, reviews, reviewing,

14

reviewed, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

To clarify, an email sent by an official that included both "Epstein" and "review*" would be responsive. An email sent by an official that included "Epstein" but did not include any of the terms listed in Column B would not be responsive.

To the extent that your agency has the capacity to run Boolean searches, American Oversight believes the following search string is an example of one that would be most effective in the search for responsive records: "Epstein" AND ("review*" OR "train*" OR "instruct*"). American Oversight is available to work with you to construct an appropriate search, based on your search capabilities, to most efficiently identify responsive records.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight's request encompasses *complete* email chains, including all preceding messages in a chain to which a custodian responded. This means that any message a listed official sent during the specified time frame where a key term from Column A and a key term from Column B listed above appears <u>anywhere</u> in the preceding chain is responsive to this request, and all sent and received messages in that chain should be produced.

**For part 1 of this request, please provide all responsive records from April 7, 2025, through the date the search is conducted.**

2. All text messages (including complete text message threads or conversations) and messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, Microsoft Teams messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL or any app that can interface with an app such as those listed or otherwise borrow its technology), <u>sent or received</u> by any of the officials listed below <u>and</u> containing the term "Epstein".

<u>Federal Bureau of Investigation Officials:</u>
    i. Kash Patel, Director
    ii. Andrew Bailey, Deputy Director
    iii. Christopher Raia, Deputy Director
    iv. Daniel "Dan" Bongino, Former Deputy Director

American Oversight requests that full message threads/conversations be produced. For example, if an official sent or received a text message containing the term "Epstein", the complete thread/conversation for the timeframe listed below should be produced, and not just the message containing the key term.

**For part 2 of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

Ex. 4 at 1–4.

63.    A true and accurate copy of the FBI Review Communications Request is attached as Exhibit 4 and incorporated herein by reference.

64.    Due to the urgent need to inform the public regarding actual or alleged government activity concerning Defendants' handling of the Epstein Files, American Oversight requested expedited processing of this request and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(i)(1) and 28 C.F.R. § 16.5(e)(3), which are incorporated herein. *See* Ex. 4 at 6–8.

65.    In its request for expedited processing, American Oversight cited to multiple contemporaneous media stories demonstrating the widespread, ongoing public discourse surrounding Defendants handling of the Epstein Files, including DOJ's apparent withholding of records containing sexual allegations against Trump. *See id.*

66.    In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the ongoing public discourse concerning whether Defendant DOJ complied with the EFTA; to assess statements Attorney General Bondi made during her October 2025 Senate Judiciary Committee hearing and her February 11, 2026 testimony before the House Judiciary Committee; and whether the government's review process was infected by any improper motivations to hide information concerning allegations of misconduct against President Trump. *See id.* at 7–8.

67.    In its request for expedited processing, American Oversight demonstrated a compelling need for the records sought by the FBI Review Communications Request. *See id.* at 6–8.

68.    In its request for expedited processing, American Oversight demonstrated that it is

primarily engaged in disseminating information. *See id.* at 8.

69.     Plaintiff has received no communication from FBI concerning the FBI Review Communications Request.

70.     FBI has not produced records responsive to the request or issued a determination regarding Plaintiff's application for expedited processing.

### *DOJ Review Communications Request*

71.     On March 12, 2026, Plaintiff submitted a FOIA request with internal tracking number DOJ-26-0640 ("DOJ Review Communications Request") to Defendant DOJ OIP seeking the same records described by the FBI Review Communications Request, with the only difference being as follows:

> Part 1 - seeking emails sent by any of the following DOJ officials and containing both a key term from Column A and a key term from Column B (described in above paragraph 62), from April 7, 2025, through the date the search is conducted:
>
> Department of Justice Officials:
> i.      Pam Bondi, Attorney General
> ii.     Todd Blanche, Deputy Attorney General
> iii.    James McHenry, Associate Deputy Attorney General
> iv.     Stuart McCommas, Chief of Staff to the Attorney General
> v.      Jordan Fox, Chief of Staff to the Deputy Attorney General
> vi.     Catharine Cypher, Deputy Chief of Staff to the Attorney General
> vii.    Hayley Conklin, Deputy Chief of Staff to the Attorney General
> viii.   Emily Covington, Senior Advisor to the Deputy Attorney General
> ix.     Brian Nieves, Deputy Chief of Staff to the Deputy Attorney General
> x.      Emil Bove, Former Principal Associate Deputy Attorney General
> xi.     Chad Mizelle, Former Chief of Staff
> xii.    Anyone serving as Chief of Staff to the Deputy Attorney General
> xiii.   Anyone serving as Senior Advisor to the Attorney General
> xiv.    Anyone serving as Senior Advisor to the Deputy Attorney General
>
> Part 2 – seeking text messages and messages from third party platforms sent or received by any of the following officials and containing the term "Epstein," from January 20, 2025, through the date the search is conducted:
>
> Department of Justice Officials:
> i.      Pam Bondi, Attorney General

     ii.     Todd Blanche, Deputy Attorney General
     iii.    James McHenry, Associate Deputy Attorney General
     iv.    Stuart McCommas, Chief of Staff to the Attorney General
     v.     Jordan Fox, Chief of Staff to the Deputy Attorney General
     vi.    Emil Bove, Former Principal Associate Deputy Attorney General
     vii.   Chad Mizelle, Former Chief of Staff

*See* Ex. 5 at 1–4.

72.    A true and accurate copy of the DOJ Review Communications Request is attached as Exhibit 5 and incorporated herein by reference.

73.    Due to the urgent need to inform the public regarding actual or alleged government activity concerning Defendants' handling of the Epstein Files, American Oversight requested expedited processing of its request and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(i)(1) and 28 C.F.R. § 16.5(e)(3), which are incorporated herein. *See* Ex. 5 at 6–8.

74.    In its request for expedited processing, American Oversight cited to multiple contemporaneous media stories demonstrating the widespread, ongoing public discourse surrounding Defendants' handling of the Epstein Files, including DOJ's apparent withholding of records containing sexual allegations against Trump. *See id.*

75.    In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the ongoing public discourse concerning whether Defendant DOJ complied with the EFTA; to assess statements Attorney General Bondi made during her October 2025 Senate Judiciary Committee hearing and her February 11, 2026 testimony before the House Judiciary Committee; and whether the government's review process was infected by any improper motivations to hide information concerning allegations of misconduct against President Trump. *See id.* at 7–8.

76.    In its request for expedited processing, American Oversight demonstrated a compelling need for the records sought by the DOJ Review Communications Request. *See id.* at

18

6–8.

77.    In its request for expedited processing, American Oversight demonstrated that it is primarily engaged in disseminating information. *See id.* at 8.

78.    On March 16, 2026, DOJ acknowledged receipt of the request, assigned it tracking number FOIA-2026-02181, denied Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(ii), and stated that Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv) was still pending.

79.    Plaintiff has received no further communication from DOJ regarding the DOJ Review Communications Request.

80.    DOJ has not produced records responsive to the request or issued a determination regarding Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv).

### *Criminal Division Review Communications Request*

81.    On March 12, 2026, Plaintiff submitted a FOIA request with internal tracking number DOJ-CRM-26-0641 ("Criminal Division Review Communications Request") to DOJ's Criminal Division seeking the same records described by the FBI Review Communications Request, with the only difference being as follows:

Part 1 - seeking emails sent by any of the following Criminal Division officials and containing both a key term from Column A and a key term from Column B described in above paragraph 62, from April 7, 2025, through the date the search is conducted:

Department of Justice Criminal Division Officials:
i.      Andrew Tysen Duva, Assistant Attorney General
ii.     Mac Heavener III, Acting Principal Deputy Assistant Attorney General
iii.    Kelly Milliron, Acting Chief of Staff
iv.     Josh Goldfoot, Deputy Assistant Attorney General
v.      Jennifer Hodge, Deputy Assistant Attorney General
vi.     Hope Olds, Acting Deputy Assistant Attorney General

> vii.    Matthew Galeotti, Former Acting Assistant Attorney General
> viii.   Anyone serving as Assistant Attorney General
> ix.     Anyone serving as Principal Deputy Assistant Attorney General
> x.      Anyone serving as Chief of Staff
>
> Part 2 – seeking text messages and messages from third party platforms sent or received by any of the following officials and containing the term "Epstein," from January 20, 2025, through the date the search is conducted:
>
> Department of Justice Criminal Division Officials:
> i.      Andrew Tysen Duva, Assistant Attorney General
> ii.     Mac Heavener III, Acting Principal Deputy Assistant Attorney General
> iii.    Matthew Galeotti, Former Acting Assistant Attorney General

*See* Ex. 6 at 1–4.

82.     A true and accurate copy of the Criminal Division Review Communications Request is attached as Exhibit 6 and incorporated herein by reference.

83.     Due to the urgent need to inform the public regarding actual or alleged government activity concerning Defendants' handling of the Epstein Files, American Oversight requested expedited processing of its request and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(i)(1) and 28 C.F.R. § 16.5(e)(3), which are incorporated herein. *See* Ex. 5 at 6–8.

84.     In its request for expedited processing, American Oversight cited to multiple contemporaneous media stories demonstrating the widespread, ongoing public discourse surrounding Defendants handling of the Epstein Files, including DOJ's apparent withholding of records containing sexual allegations against Trump. *See id.*

85.     In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the ongoing public discourse concerning whether Defendant DOJ complied with the EFTA; to assess statements Attorney General Bondi made during her October 2025 Senate Judiciary Committee hearing and her February 11, 2026 testimony before the House Judiciary Committee; and whether the government's review process

was infected by any improper motivations to hide information concerning allegations of misconduct against President Trump. *See id.* at 7–8.

86.     In its request for expedited processing, American Oversight demonstrated a compelling need for the records sought by the Criminal Division Review Protocol Request. *See id.* at 6–8.

87.     In its request for expedited processing, American Oversight demonstrated that it is primarily engaged in disseminating information. *See id.* at 8.

88.     On March 25, 2026, DOJ's Criminal Division acknowledged receipt of the request, assigned it tracking number CRM-302411304, denied Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(ii), and stated that Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv) was still pending.

89.     Plaintiff has received no further communication from DOJ's Criminal Division regarding the Criminal Division Review Communications Request.

90.     DOJ's Criminal Division has not produced records responsive to this request or issued a determination regarding Plaintiff's application for expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv).

*Exhaustion of Administrative Remedies*

91.     As of the date of this Complaint, Defendants have failed to either: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

92.    More than 30 working days have passed since all FOIA requests at issue in this lawsuit were filed.

93.    Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

94.    Under 5 U.S.C. § 552(a)(6)(E)(iii), American Oversight is entitled to judicial review with respect to FBI's failure to respond to Plaintiff's applications for expedited processing of the FBI Review Protocol and FBI Review Communications Requests.

95.    Under 5 U.S.C. § 552(a)(6)(E)(iii), American Oversight is entitled to immediate judicial review with respect to DOJ's partial denial of expedited processing of the DOJ Review Protocol and DOJ Review Communications Requests.

96.    Under 5 U.S.C. § 552(a)(6)(E)(iii), American Oversight is entitled to immediate judicial review with respect to DOJ Criminal Division's partial denial of expedited processing of the Criminal Division Review Protocol and Criminal Division Review Communications Requests.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

97.    American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

98.    American Oversight properly requested records within Defendants' possession, custody, and control.

99.    Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

22

100.    Defendants have failed to promptly and adequately search for agency records that are responsive to American Oversight's FOIA requests.

101.    Defendants' failure to conduct adequate searches for responsive records violates FOIA.

102.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

103.    American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

104.    American Oversight properly requested records within Defendants' possession, custody, and control.

105.    Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

106.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

107.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

108.    Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

109.    Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

110.    American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

111.    American Oversight properly requested records within the possession, custody, and control of Defendants on an expedited basis under both 28 C.F.R. § 16.5(e)(1)(ii) and 28 C.F.R. § 16.5(e)(1)(iv).

112.    Defendants are agencies subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

113.    The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance.

114.    American Oversight is primarily engaged in disseminating information to the general public and will promptly disseminate the information it receives in response to these requests to the public.

115.    There is widespread and exceptional media interest in Defendants' handling of the Epstein Files.

116.    Questions concerning the government's integrity which affect public confidence also abound—including questions concerning whether Defendants withheld information from the

24

public in violation of the EFTA in order to protect prominent individuals, including President Trump.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to process Plaintiff's requests on an expedited basis;

(2) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(3) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 28, 2026                              Respectfully submitted,

                                                 */s/ Elizabeth Haddix*
                                                 Elizabeth Haddix
                                                 D.C. Bar No. 90019750
                                                 Benjamin A. Sparks
                                                 D.C. Bar No. 90020649
                                                 AMERICAN OVERSIGHT
                                                 1030 15th Street NW, B255
                                                 Washington, DC 20005

(252) 359-7424
elizabeth.haddix@americanoversight.org
*Counsel for Plaintiff*